PER CURIAM.
We reverse the order of the trial court finding appellant Myra Bianco guilty of violation of probation. She was originally placed on probation as part of a split sentence following her conviction for ten counts of grand theft. One condition of the probation portion of her sentence was that she make restitution to her victims in the total amount of $183,-771.98.
The affidavit charging a violation of probation, filed April 24,1992, alleged that she was in violation for failure to pay court costs and restitution. The appellant, who was then 59 years old, defended on the basis that health problems prevented her from working, and that she was living in New York with her daughter, and subsisting on $408 per month from welfare. A July 15, 1992 hearing did not result in a finding of violation, but ordered appellant to make bimonthly financial reports.
After unsuccessfully seeking a modification of the terms of Bianco’s probation, the state filed an amended affidavit October 15, 1992. The trial court ordered an independent medical examination of appellant, which took place on November 23. The examining doctor, Dr. Ames, opined that she was then able to work. The trial court found Bianco guilty of violation of probation on January 13, 1993, for her failure to make payment of court costs and restitution, in light of Dr. Ames’s report and findings.
Appellant argues, and the state agrees, that under the facts of this ease, where there was no evidence of appellant’s ability to work, and a resultant ability to make any court-ordered payments prior to the filing of the April 24, 1992 and October 15, 1992 affidavits, the record does not support a finding that appellant violated her probation. Accordingly, we reverse the order finding a violation and modifying the terms of appellant’s probation.
DELL, C.J., and POLEN and STEVENSON, JJ., concur.